IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

ALFONSO POLLARD,            )
                            )
     PLAINTIFF,             )
                            )
VS.                         )       CV00-H-1647-S
                            )
RYDER/ATE, INC.; et al.,    )
                            )
     DEFENDANTS.            )

FILED
00 OCT -4 AM 9:23
U.S. DISTRICT COURT
N.D. OF ALABAMA

ENTERED
OCT - 4 2000

**MEMORANDUM OF DECISION**

On June 14, 2000 plaintiff filed the complaint herein endeavoring to state claims under Title VII against defendants Ryder/ATE, Inc. ("Ryder"); Birmingham-Jefferson County Transit Authority ("the Transit Authority"); the Board of the Jefferson County Transit Authority ("the Board"); and, nine individuals, Harold Boykins, Reginald Swanson, Tommy L. Lewis, Sadie Marie Swyne, Calvin Elder, Johnnye Lassiter, Lem Stabler, Hugo Isom, and Don Trotman, all of whom are sued only in their official capacities as members of the Board (Board Members). On July 5, 2000 plaintiff filed his first amended complaint and on July 19, 2000 plaintiff filed his second amended complaint. Essentially, the second amended complaint charges all defendants sued with racial discrimination under Title VII. It also invokes supplemental jurisdiction to assert against all defendants a

16

state law negligence claim for their failure to investigate properly the charges of sexual harassment made against plaintiff by a female co-employee prior to discharging plaintiff in connection with the accusations by her.  Additionally, it also invokes supplemental jurisdiction to assert a state law claim against the Transit Authority and the Board for negligently awarding a management contract to Ryder (1) without specifying minimum guidelines for conducting investigations of employee complaints, and (2) without insuring that personnel employed are not wrongfully disciplined.

On September 1, 2000 all defendants filed a motion to dismiss, supplemented by a brief, with attachments.  Pursuant to the September 15, 2000 order plaintiff had until September 29, 2000 to file a response, which plaintiff timely filed, and the motion to dismiss is now under submission pursuant to the September 15, 2000 order.

This action arises out of the employment of plaintiff and his discharge from that employment following accusations by a female co-employee that plaintiff was sexually harassing her. The motion to dismiss expressly points out that a Title VII claim can only be pursued against plaintiff's employer.  The brief in support of the motion notes that the complaint fails to allege that any defendant sued was an "employer" within the meaning of

2

Title VII, and it points out that only Ryder was named in the EEOC charge.[1]  In that charge plaintiff clearly states that he was hired by Ryder on January 4, 1997 and discharged on September 28, 1999.  <u>See</u>  Exhibit B to defendants' brief.  Since plaintiff alleged satisfaction of administrative prerequisites, which includes the filing of an EEOC charge, it is appropriate for the court to consider the EEOC charge supplied by defendants.  <u>See</u> <u>Brooks v. Blue Cross and Blue Shield of Florida</u>, 116 F.3d 1364, 1369 (11th Cir. 1997).  The suggestion in plaintiff's brief, at page 7, that the charge was prepared by someone who lacks "sophistication or knowledge or understanding of administrative niceties" and this should be "liberally construed" is not persuasive after a review of the charge.[2]  Plaintiff's response to the motion of all defendants, other than Ryder, to be dismissed as parties to the Title VII claim, is in effect arguing, "So what if I sued people I have no Title VII claim against, one never knows what might turn up in the way of a Title

---

[1]  The complaint does at least allege that "all administrative prerequisites to bringing this suit" have been met.

[2]  It is evident that the person who prepared the charge exhibited a knowledge of Title VII requirements.  For example, in supplying the number of employees on the form, the preparer of the charge said "Cat D (501+)."  As another example, the preparer identified supervisors assigned by Ryder to terminals in Georgia and Florida as comparators.

VII claim and the 11th Circuit has pointed out dangers in not suing everyone in sight."[3]  Plaintiff seems more concerned with <u>Stimpson v. City of Tuscaloosa</u>, 186 F. 3rd 1328 (11th Cir. 1999) than Fed. R. Civ. P. 11 or 42 U.S.C. § 2000e-5(k).  After three efforts to draft a complaint stating a Title VII claim and after having the omission to such a claim clearly pointed out to plaintiff, it is clear to the court that the second amended complaint (as did the first amended complaint and the original complaint) wholly fails to state a claim under Title VII against any defendant other than Ryder and all Title VII claims against all defendants other than Ryder are due to be dismissed for failure to state a claim upon which relief may be granted.

　　　The effort to state a state law claim against all defendants for failure properly to investigate fairs no better as the complaint wholly fails to contain any allegations out of which a duty could arise, the violation of which would give rise to a state law cause of action for negligence.  The further effort to assert a state law claim against the Authority and the Board for negligently awarding a contract to Ryder also fails to state a

---

　　　[3] The court observes that in the September 1, 2000 answer of Ryder to the second amended complaint, Ryder admits that it hired plaintiff effective December 16, 1997 (paragraph 4 of answer) and that it fired plaintiff on or about September 28, 1999 (paragraph 32 of answer).

claim upon which relief can be granted as there are no allegations in the complaint even arguably suggesting the existence of a duty, the violation of which would give rise to a state law cause of action for negligence.

A separate order will be entered dismissing all supplemental jurisdiction state law claims against all defendants and dismissing all Title VII claims against all defendants, except Ryder, leaving this action as only a Title VII claim against only Ryder. Such order eliminates from this action ten of the eleven defendants and eliminates from this action all state law claims, and the court is of the opinion that a partial final judgment under Rule 54(b) is appropriate. The court expressly determines that there is no just reason for delaying the entry of final judgment and an express direction for such will be made.

DONE this __4th__ day of October, 2000.

_____
SENIOR UNITED STATES DISTRICT JUDGE